**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

Catherine Eckley Bentley,                           Case No.: 6:17-bk-00294-KSJ

    Debtor.
_____/

Susan Kolb, M.D.,

    Plaintiff,

v.                                                    Adv. Pro. No.: 6:17-00047-KSJ
                                                    Adv. Pro. No.: 6:17-000119-KSJ

Catherine Eckley Bentley,

    Defendant.
_____/

Robert E. Thomas, Chapter 7 Trustee,

    Plaintiff,

v.                                                    Adv. Pro. No.: 6:17-00048-KSJ

Catherine Eckley Bentley,

    Defendant.
_____/

**ROBERT E. THOMAS, AS CHAPTER 7 TRUSTEE AND
DR. SUSAN KOLB'S MOTION TO SUBSTITUTE STATE COURT
APPOINTED GUARDIAN IN PLACE OF DEBTOR IN PENDING
CONSOLIDATED CONTESTED MATTERS AND ADVERSARY PROCEEDINGS**

**-Expedited Hearing Requested-**

    Pursuant to Fed. R. Civ. P. 25; Fed. R. Bankr. P. 7025, Robert E. Thomas, as Chapter 7 Trustee ("Trustee") and Susan Kolb, M.D. hereby move the Court to substitute Gary Graybill, appointed as guardian of Debtor by the Circuit Court of Volusia County, Florida.

45884918;1

**Before going any further, Trustee and Kolb make the following affirmative statements --**

- **Trustee and Kolb do not have any knowledge or evidence regarding Debtor's incapacity; and**

- **all facts and argument are based solely and completely on Debtor's counsel's representation in open court and in writing in this Court and filings and Order Appointing (defined below) in the Circuit Court of the Volusia County, Florida.**

## Case Background

1. On January 13, 2017, the above-captioned case was commenced with the filing of a voluntary petition by the above-captioned Debtor, Catherine Eckley Bentley. The Petition (as well as the Schedules and SOFAs) are executed by Ms. Bentley, who presumably had capacity to execute such documents at the time they were executed.

2. Trustee Robert Thomas is the Chapter 7 Trustee and is also the plaintiff in a pending Adversary Proceeding (6:17-ap-48-KSJ) affiliated to this Bankruptcy Case. Dr. Susan Kolb is the primary creditor in this Bankruptcy Case and is also the plaintiff in two pending Adversary Proceedings (6:17-ap-47-KSJ and 6:17-ap-119-KSJ) affiliated to this Bankruptcy Case.

3. In addition to the pending Adversary Proceedings, there are pending Contested Matters arising from Debtor's motion to transfer her claimed homestead pursuant to a "LadyBird" deed, Trustee's objection to Debtor's claim of homestead exemption, and Debtor's objection to Dr. Kolb's claim (Claim No. 4).

4. On January 25, 2018, the Court entered an Amended Order Consolidating Contested Matters with Pending Adversary Proceedings Due to Common Factual Disputes (Doc. No. 62) (the "Consolidated Matters"). The Consolidated Matters are scheduled for trial on August 2 – 3, 2018.

5. On May 3, 2018, the Circuit Court in and for Volusia County, Florida entered an Order Appointing Plenary Guardian of Person and Property ("Order Appointing"). A true and correct copy is attached as **Exhibit A**.

6. Paragraph 1 of the Order Appointing states:

> Gary R. Graybill is qualified to serve and is hereby appointed plenary guardian of the person and property of Catherine Eckley Bentley.

7. Also on May 3, 2018, the Circuit Court in and for Volusia County, Florida entered Letters of Plenary Guardianship of the Person and Property (the "Letters"). A true and correct copy of the Letters is attached as **Exhibit B**.

8. The Letters provided:

> NOW THEREFORE, I, the undersigned circuit judge, declare Gary R. Graybill duly qualified under the laws of the State of Florida to act as plenary guardian of the person and property of Catherine Eckley Bentley, with full power to have the care, custody and control of the Ward, to exercise all delegable legal rights and powers of the Ward, to administer the property of the Ward according to law, and to take possession of and to hold, for the benefit of the Ward, all the property and income of the Ward.

9. On July 19, 2018, the undersigned counsel requested the U.S. Trustee's office review this Bankruptcy Case and related adversary proceedings. As part of the review, Mr. Bomkamp advised undersigned counsel and counsel for the Debtor, Anna Handy, that he believed the appointment of a guardian may have triggered "guardian to be joined as an indispensable party under rule 23."

10. Undersigned counsel promptly considered the U.S. Trustee's comments and files this motion to address the issue raised by Mr. Bomkamp to avoid any notice or due process issues that would be raised at the trial or post-trial.

**Argument**

The Court should substitute Gary Graybill, appointed as guardian of Debtor by the Circuit Court of Volusia County, Florida because Mr. Graybill is the real party in interest. *See Kuelbs v. Hill*, 615 F.3d 1037, 1042 (8th Cir. 2010) ("In sum, in an action in which a party becomes incompetent while the action is pending, a motion for substitution must be brought under Rule 25(b) for the action to continue.") Rule 17, Federal Rules of Civil Procedure, incorporated by Rules 7017 and 9014, Federal Rules of Bankruptcy Procedure, provides that an action must be prosecuted in the name of the real party in interest. Rule 17(a) provides in pertinent part:

> **Rule 17. Plaintiff and Defendant; Capacity; Public Officers**
> (a) Real Party in Interest.
> (1) Designation in General. An action ***must be prosecuted in the name of the real party in interest***. The following may sue in their own names without joining the person for whose benefit the action is brought:
> (A) an executor;
> (B) an administrator;
> (C) ***a guardian***;
> (D) a bailee;
> (E) a trustee of an express trust;
> (F) a party with whom or in whose name a contract has been made for another's benefit; and
> (G) a party authorized by statute.

Fed. R. Civ. P. 17(a) (emphasis added). In addition to Rule 17(a), Rule 17(c), Federal Rules of Civil Procedure, specifically identifies the individuals who may sue or defend on behalf of an incompetent person. Rule 17(c) provides in pertinent part:

> **Rule 17. Plaintiff and Defendant; Capacity; Public Officers**
>
> \*\*\*
>
> (c) MINOR OR INCOMPETENT PERSON.
> (1) *With a Representative.* The following representatives may sue or defend on behalf of a minor or an incompetent person:
> (A) a general guardian;
> (B) a committee;
> (C) a conservator; or
> (D) a like fiduciary.

Fed. R. Civ. P. 17(c).

Because these Adversary Proceedings and Contested Matters were already commenced prior to the finding of incompetency in the Order Appointing, the proper procedural mechanism for brining Mr. Graybill into these Adversary Proceedings and Contested Matters would be through substitution. Pursuant to Rules 7025 and 9014, Federal Rules of Bankruptcy Procedure, Rule 25, Federal Rules of Civil Procedure, is applied in adversary proceedings and contested matters. If a party becomes incompetent ***during the course of litigation***, the Court (upon motion) may allow the action to proceed by or against a substituted representative. Fed. R. Civ. P. Rule 25(b). Joinder would not be the proper mechanism because there are no claims being asserted against Mr. Graybill personally. Additionally, Rule 25, Federal Rules of Civil Procedure, provides in pertinent part:

> **Rule 25. Substitution of Parties**
>
> \*\*\*
>
> (b) Incompetency. If a party ***becomes incompetent***, the court may, on motion, permit the action to be continued by or against the party's representative. The motion must be served as provided in Rule 25(a)(3).

Fed. R. Civ. P. Rule 25(b) (emphasis added). The Rule is clear and explicit that substitution may not occur if the subject party was incompetent prior to the filing of the action. *See Id.*; *Waldman v. Pediatric Services of America, Inc.*, Case No. Civ. A. 97-7257, 1998 WL 770629 (E.D. Pa.

Nov. 5 1998) ("In other words, she was already incompetent at the time this action was commenced. Thus, Plaintiff may not use Rule 25 to substitute the Waldmans as parties because she did not "become" incompetent during the course of the lawsuit."). Debtor was found to be incompetent and Mr. Graybill was appointed as guardian on May 3, 2018. These Adversary Proceedings and Contested Matters were all filed prior to that finding and appointment. Accordingly, substitution of Mr. Graybill, solely as guardian, for Debtor/Defendant is appropriate.

While not specifically addressed in Rule 25, in order to memorialize such substitution and to create a clear record, the Movants request leave to file amended pleadings and filings naming Mr. Graybill, in his capacity as guardian, as the appropriate party. Additionally, Movants have served Mr. Graybill as directed in Rule 25(b), *i.e.*, consistent with Rule 25(a), 4, and 5 (each as incorporated into the Federal Bankruptcy Rules of Procedure).

WHEREFORE, the Trustee and Susan Kolb, M.D. respectfully request that the Court substitute Gary Graybill, appointed as guardian of Debtor by the Circuit Court of Volusia County, Florida in the Consolidated Matters; grant Susan Kolb, M.D. and Robert E. Thomas, Chapter 7 Trustee leave to file amended pleadings; and grant such further relief as is just and equitable.

Dated:  July 24, 2018

Respectfully submitted,

*/s/ Esther McKean*
Esther McKean, Esquire
Florida Bar Number: 28124
Samual A. Miller, Esq.
Florida Bar Number 34991
**AKERMAN LLP**
Post Office Box 231
Orlando, FL 32802-0231
Phone: (407) 423-4000
Fax: (407) 843-6610
Email: esther.mckean@akerman.com
Attorneys for Chapter 7 Trustee

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 24, 2018, a true and correct copy of the foregoing was furnished electronically by the CM/ECF system to all parties receiving electronic notice in this case and by U.S. Mail to Gary Graybill, (Guardian) 1575 Ocean Shore Blvd., Unit #6, Ormond Beach, FL 32174 and 397 Limestone Rd., Carlisle, PA 17015 and by facsimile and U.S. Mail to Kobi A. Finley, Esq., (Counsel for Guardian), Phillips & Finely, LLC, 211 E. Rich Ave., Deland, FL 32724.

By: */s/ Esther McKean*
Esther McKean, Esquire