UNITED STATES BANKRUPTCY COURT
GEORGE C. YOUNG FEDERAL COURTHOUSE
400 WEST WASHINGTON STREET, SUITE 5100
ORLANDO, FL 32801

In re:

CATHERINE ECKLEY BENTLEY,
Debtor.
_____

Case No. 6:17-bk-00294-KSJ
Chapter 7

SUSAN KOLB, M.D.,
Plaintiff,
v.
CATHERINE ECKLEY BENTLEY,
Defendant.
_____

Adv. No. 6:17-ap-00047-KSJ

ROBERT E. THOMAS,
Plaintiff,
v.
CATHERINE ECKLEY BENTLEY,
Defendant.
_____

Adv. No. 6:17-ap-00048-KSJ

SUSAN KOLB, M.D.,
Plaintiff,
v.
CATHERINE ECKLEY BENTLEY,
Defendant.
_____/

Adv. No. 6:17-ap-00119-KSJ

**DEBTOR'S RESPONSE TO MOTION TO CONTINUE TRIAL AND
DEBTOR'S MOTION TO DETERMINE THE EXTENT TO WHICH DEBTOR'S
HOMESTEAD PROPERTY CAN BE LIABLE IN THIS CASE**

COMES NOW Debtor, CATHERINE ECKLEY BENTLEY, by and through her undersigned counsel, and responds to Dr. Kolb's Motion to Continue Trial as follows:

1. On Sunday, July 29, 2018, Plaintiffs' counsel contacted the undersigned to advise of Dr. Kolb's medical situation and further stating: "Please advise of your position on the continuance. **We are seeking a continuance of the trial to the next available trial period that is two weeks out**."

2. The undersigned immediately responded that she had no objection, as long as we are able to continue the case to the next trial period in two weeks.

3. The undersigned further advised the opposing counsel that every day for Ms. Bentley matters since her condition has been progressively declining and two weeks ago she was not getting up from bed.

4. Ms. Bentley is in need of skilled nursing home care, which she cannot afford since her homestead property is wrongfully held up by Dr. Kolb's and Trustee's unsupported claims.

5. Nonetheless, the undersigned is very sympathetic to Dr. Kolb's unexpected medical condition and does not object to a continuance of trial.

6. However, the undersigned respectfully requests the Court, if possible, to move the trial to the next available trial period, which the opposing counsel represented is in two weeks.

7. Alternatively, the undersigned moves the Court for an order determining the extent to which Ms. Bentley's homestead property could be liable in the event Plaintiffs prevail on their claims so that the property can be sold and the amount ordered by the Court deposited in a trust account pending resolution of this case to protect Plaintiffs' interest . This would allow Ms. Bentley to move to a skilled nursing home and obtain the care and assistance she requires.

**MEMORANDUM OF LAW**

At issue in this motion is the extent to which Ms. Bentley's homestead property could be liable in the event Creditor prevails on her claims. Specifically, Creditor is seeking imposition of

an equitable lien and/or constructive trust against Ms. Bentley's homestead alleging that Ms. Bentley invested funds in her home which she obtained through fraud.

Imposition of the equitable lien and/or constructive trust on homestead property in circumstances where funds obtained through fraud or egregious conduct were used to invest in, purchase, or improve the homestead is limited <u>to the extent of the invested funds</u>. *Havoco of Am. v. Hill*, 790 So. 2d 1018 (Fla. 2001). (Emphasis added). In this case, it is undisputed that Ms. Bentley used $98,000 of the proceeds she received from the sale of the Cord to pay off her mortgage. Assuming Plaintiffs prevail on their claims, the equitable lien and constructive trust cannot exceed the amount Ms. Bentley invested in homestead, which is $98,000.

Creditor's position is that in addition to $98,000, she is also entitled to a pre-judgment interest, relying on *Wiand v. Lee (In re Lee)*, 574 B.R. 286 (Bankr. M.D. Fla. 2017). However, *Wiand* is inapposite because in that case the court allowed pre-judgment interest because the court found that the entirety of the funds used to purchase the home originated from the Ponzi scheme distributions and thus, the entire value of the home was acquired with Ponzi scheme funds. *Id*. at 298. Here, only $98,000 of the value of the home was acquired through the proceeds obtained from the sale of the Cord. Therefore, Creditor is not entitled to an equitable lien or constructive trust in excess of this amount.

WHEREFORE, the undersigned moves the Court for an order determining the extent of the homestead's liability in this case in the event Creditor prevails, and an order allowing Ms. Bentley to sell her homestead property to fund the nursing care she needs while keeping the amount in dispute in the undersigned's trust account.

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic transmission, if registered in the Electronic Case Filing System, otherwise by U.S. Mail to all parties receiving electronic notifications by the CM/ECF system in the abovereferenced case and adversary proceedings this 29th day of July, 2018.

                /s/ Anna Handy
                _____
                Anna Handy, Attorney for Debtor
                Florida Bar No.: 0119532
                Anna Handy Law Firm, P.A.
                P.O. Box 730083
                Ormond Beach, FL 32173
                Telephone: 386-248-3000
                Facsimile: 386-401-2511
                anna.handy2015@gmail.com